UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| EURIC CAIN #624636 | CIVIL ACTION NO. 22-cv-5736 |
| VERSUS | DISTRICT JUDGE EDWARDS |
| DEANDRE FORD ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Euric Cain ("Plaintiff") is a self-represented convicted state prisoner. He filed this civil rights action against corrections officers at the David Wade Correctional Center, where he was formerly housed. Before the court is a Motion to Dismiss (Doc. 15) in which Defendants assert various defenses to Plaintiff's complaint. The motion was noticed for briefing, but Plaintiff has not filed any response. For the reasons that follow, it is recommended that the motion to dismiss be granted.

**Plaintiff's Complaint**

Plaintiff's complaint listed as defendants Captain Bruce Solomon, Sgt. Deandre Ford, Col. Vincent Coleman, and Warden Jerry Goodwin. Plaintiff alleged that he was housed at David Wade of February 3, 2022 when he was "jumped on and hit with closed fist by M/Sgt. Ford while Captain Solomon hold me." Plaintiff added that he "was also given a falsified RVR that did not happen." He alleged that he sustained injuries to his nose, lip, and lower back. Plaintiff asked that the RVR (rule violation report) be removed from his prison record, that Sgt. Ford be terminated from his employment, and that Plaintiff

be awarded $25,000 in compensatory damages and an additional $25,000 in punitive damages.

The court issued an order (Doc. 9) that directed Plaintiff to file an amended complaint and allege with more specificity who violated his civil rights, how his civil rights were violated, and other details related to the claims. Plaintiff filed an amended complaint (Doc. 10) that alleged that defendants Ford and Solomon violated his rights through the use of unnecessary force. Warden Goodwin and Col. Coleman were not mentioned in the original complaint other than in the list of defendants. The amended complaint stated that Goodwin and Coleman "after being notified did not protect me from it after I told them that I was not safe around Msgt. Ford so they failed to protect me from the hands of there (sic) employ (sic)."

**Rule 12(b)(6)**

Defendants' motion asks for dismissal based on Fed. R. Civ. Pro 12(b)(6), which allows dismissal for failure to state a claim on which relief may be granted. To defeat such a motion, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

**Official Capacity Claims**

Plaintiff filed his complaint on a form provided by the court for the assertion of civil rights claims under 42 U.S.C. § 1983. The form asked Plaintiff to list the named defendants. It then provided boxes to check to indicate whether each defendant was sued in his individual or official capacity. Plaintiff checked only the official capacity box for each defendant.

Neither a state nor a state official sued in his official capacity is a "person" under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 109 S.Ct. 2304 (1989). Furthermore, "[c]laims for money damages against state officials in their official capacities are generally barred by state sovereign immunity unless Congress has validly abrogated that immunity or the state has consented to suit." Williams v. Banks, 956 F.3d 808, 810 (5th Cir. 2020). Louisiana has not waived its sovereign immunity. La. R.S. 13:5106; Lucas v. Goodwin, 2018 WLO 1210968, *4 (W.D. La. 2018) (Foote, J.). Thus, all claims for money damages against the defendants in their official capacity are barred and must be dismissed.

The distinction between suits against an officer in his official versus individual capacity is explained in decisions such as Kentucky v. Graham, 105 S.Ct. 3099 (1985) and Hafer v. Melo, 112 S.Ct. 358 (1991). They explain that individual or personal capacity suits seek to impose individual liability upon a government officer for actions taken under color of law. When a complaint is not clear about capacity, the "course of proceedings" will typically indicate the nature of liability sought to be imposed. Graham, 105 S.Ct. at 3106, n. 14.

It may have been Plaintiff's intent to assert individual liability claims against these defendants. If he had attempted to amend his complaint or even argued as much in a response to the motion to dismiss, the court would likely allow amendment or clarification. But Plaintiff, who has now been transferred to a different prison and perhaps lost interest in the case, did not respond to the motion's challenge. Because the only claims he asserted against the defendants are in their official capacity, and because claims for money damages against such defendants are barred, all claims for monetary damages against any defendant should be dismissed.

**Goodwin and Coleman**

Warden Goodwin and Col. Coleman raise an additional argument that the minimal allegations against them in the amended complaint fail to state a plausible claim under the demanding constitutional standard. Plaintiff alleged in his original complaint that he is a convicted and sentenced inmate, so his claims are assessed under the Eighth Amendment. Williams v. City of Yazoo, 41 F.4th 416, 423 (5th Cir. 2022).

Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners. Farmer v. Brennan, 114 S.Ct. 1970 (1994); Horton v. Cockrell, 70 F.3d 397, 400-01 (5th Cir. 1995). However, not every injury "by one prisoner at the hands of another ... translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 114 S.Ct. at 1977. To establish a failure-to-protect claim, the plaintiff must show that he was detained "under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). "In order to act

with deliberate indifference, the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and they must also draw the inference. Id., citing Farmer.

Plaintiff's amended complaint alleges that Goodwin and Coleman "after being notified did not protect me," but there is no allegation as to when or how either defendant was given notified of Plaintiff's alleged concern about his safety around Sgt. Ford. The allegation implies that this notice may not have been given until after the alleged attack at issue, but that is not clear. Plaintiff's one-sentence allegation of this claim is lacking in adequate detail to state a plausible claim under the Farmer v. Brennan standard. Goodwin and Coleman are entitled to dismissal for these reasons, in addition to the bar of money damage claims against them in their official capacities. There two defendants also raise defenses based on qualified immunity and failure to exhaust administrative remedies, but the court need not address those additional potential grounds for dismissal.

**RVR Removal; Ford Firing**

All that remains are Plaintiff's claims for injunctive relief. Plaintiff alleged that he was issued a "falsified RVR", and he asked that the RVR be removed from his master prison record. Plaintiff added in his amended complaint that the report charged him with a violation of rule no. 3 (defiance) and that he was convicted and sentenced in disciplinary court to 30 days of lost good time.

These allegations fail to state a claim on which relief may be granted against any of the named defendants. An allegation that a disciplinary charge was false does not state an actionable claim under 42 U.S.C. § 1983. Jackson v. Mizzel, 361 Fed. Appx. 622, 626 (5th

Cir. 2010); Williams v. Dretke, 306 Fed. Appx. 164, 166 (5th Cir. 2009). Plaintiff has also not alleged facts to suggest that any of the named defendants has the authority to provide the requested relief. This request for injunctive relief should be dismissed.

Finally, Plaintiff asked that Sgt. Ford be terminated from his employment. Plaintiff cites no legal basis for the court to be able to award such relief, even if Ford were found to have acted inappropriately, and the court is not aware of such authority. Thus, this final claim should also be dismissed. There are no remaining claims against any named defendant, so the result is the complete dismissal of this civil action.

Accordingly,

It is recommended that Defendants' Motion to Dismiss (Doc. 15) be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of January, 2024.

                                                      Mark L. Hornsby
                                                    U.S. Magistrate Judge